SCOTT N. SCHOOLS
United States Attorney
Northern District of California
CHARLES M. O'CONNOR (CA State Bar No. 56320)
Assistant United States Attorney
9th Floor, Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone (415) 436-7180

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
Environmental Defense Section
601 D. Street N.W., Suite 8000
Washington D.C. 20004
Telephone (202) 514-0375
Facsimile (202) 514-8865

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SIERRA CLUB, a non-profit organization, ENVIRONMENTAL LAW AND POLICY CENTER, a non-profit organization, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, a non-profit organization, PHYSICIANS FOR SOCIAL RESPONSIBILITY, a non-profit organization, and UNITE HERE.<br><br>            Plaintiffs,<br><br>   vs.<br><br>STEPHEN L. JOHNSTON, in his individual capacity as Administrator of the Environmental Protection Agency,<br><br>            Defendant. | Case No. C 07-05435-MCC<br><br>**ANSWER** |

1    Defendant, by and through the undersigned counsel, hereby asserts his defenses and
2 answer to the Plaintiffs' Complaint as follows:
3    1.    Paragraph 1 consists of conclusions of law and characterizations of Plaintiffs'
4 Complaint to which no response is required. To the extent that Paragraph 1 contains any factual
5 allegations, those allegations are denied.
6    2.    The first sentence of Paragraph 2 consists of conclusions of law and characterizations
7 of Plaintiffs' Complaint to which no response is required. To the extent that the first sentence of
8 Paragraph 2 contains any factual allegations, those allegations are denied. Defendant admits that
9 Environmental Protection Agency ("EPA") issued a response to Plaintiffs' rulemaking petition on
10 or about August 29, 2007. The remainder of Paragraph 2 characterizes this response, which speaks
11 for itself and provides the best evidence of its contents.
12    3.    Paragraph 3 consists of conclusions of law to which no response is required. The
13 referenced statutory provision speaks for itself and is the best evidence of its contents.
14    4.    Paragraph 4 consists of conclusions of law to which no response is required. The
15 referenced statutory provision speaks for itself and is the best evidence of its contents.
16    5.    Paragraph 5 consists of conclusions of law to which no response is required.
17    6.    Paragraph 6 consists of conclusions of law to which no response is required.
18    7.    Defendant lacks sufficient knowledge to form a belief as to the truth of the
19 allegations in the first sentence of Paragraph 7 and therefore denies those allegations. The remaining
20 allegations in Paragraph 7 constitute conclusions of law to which no response is required.
21    8.    Defendant lacks sufficient knowledge to form a belief as to the truth of the
22 allegations in Paragraph 8 and therefore denies those allegations.
23    9.    Defendant lacks sufficient knowledge to form a belief as to the truth of the
24 allegations in Paragraph 9 and therefore denies those allegations.
25    10.   Defendant lacks sufficient knowledge to form a belief as to the truth of the
26 allegations in Paragraph 10 and therefore denies those allegations.
27    11.   Defendant lacks sufficient knowledge to form a belief as to the truth of the
28 allegations in Paragraph 11 and therefore denies those allegations.

12. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies those allegations.

13. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies those allegations.

14. Defendant admits that EPA is an agency of the United States.

15. Defendant admits that Stephen L. Johnson is the Administrator of EPA. The remainder of the allegations in Paragraph 15 constitute conclusions of law to which no response is required.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies those allegations.

18. The allegations in Paragraph 18 characterize the results of a study published by the U. S. Centers for Disease Control ("CDC"), which speaks for itself, and is the best evidence of its contents.

19. Defendant admits that Plaintiffs submitted a petition to EPA on June 5, 2007. The allegations in the second and third sentences of Paragraph 19 characterize the petition, which speaks for itself and is the best evidence of its contents. Defendant admits that EPA issued a response to Plaintiffs' rulemaking petition on or about August 29, 2007.

20. Paragraph 20 characterizes Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

21. Paragraph 21 realleges the allegations in all preceding paragraphs and defendants reallege all responses made in the preceding paragraphs.

22. Paragraph 22 consists of conclusions of law to which no response is required. The referenced statutory provision speaks for itself and is the best evidence of its contents.

23. Paragraph 23 characterizes Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

24. Paragraph 24 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

Case No. C 07-05435-MCC
Answer

25.    Paragraph 25 characterizes Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

26.    Paragraph 26 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

27.    The allegations in the first sentence of Paragraph 27 characterizes Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.  The allegations in the second sentence characterizes EPA's rule establishing Water Quality Criteria for nonylphenols and nonylphenol ethoxylates, which speaks for itself and is the best evidence of its contents.

28.    Paragraph 28 characterizes Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

29.    Paragraph 29 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

30.    The allegations in the first sentence of Paragraph 30 characterize the results of published studies, which speak for themselves, and are the best evidence of their contents.  The allegations in the second sentence of Paragraph 30 characterize EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

31.    Paragraph 31 characterizes Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

32.    The allegations in the first sentence of Paragraph 32 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.  Defendant denies the second sentence of Paragraph 32.

33.    Paragraph 33 characterizes Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

34.    Paragraph 34 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

35.    Paragraph 35 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

36.    Paragraph 36 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

37.    Paragraph 37 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

38.    The allegations contained in the first three sentences of Paragraph 38 characterize the results of a study published by the CDC, which speaks for itself, and is the best evidence of its contents. The remainder of the allegations in Paragraph 38 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

39.    Paragraph 39 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

40.    Paragraph 40 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

41.    Paragraph 41 constitutes arguments, characterizations, or conclusions of law to which no response is required.

42.    The allegations in the first and second sentences of Paragraph 42 characterize Plaintiffs' petition, which speaks for itself, and is the best evidence of their contents. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 42 and therefore denies the allegations in the third sentence of Paragraph 42.

43.    Paragraph 43 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

44.    The allegations contained in the first and second sentences of Paragraph 44 characterize EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in the third sentence of Paragraph 44.

45.    Paragraph 45 consists of conclusions of law to which no response is required. The referenced statutory provision speaks for itself and is the best evidence of its contents.

46.    Defendant incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 45.

Case No. C 07-05435-MCC
Answer

47. Paragraph 47 characterizes Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

48. Paragraph 48 characterizes Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

49. Paragraph 49 characterizes Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

50. Paragraph 50 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

51. The allegations contained in the first and second sentences of Paragraph 51 characterize EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents. The allegations contained in the third sentence of Paragraph 51 constitute conclusions of law, to which no response is required.

52. Paragraph 52 characterizes EPA's response to Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

53. Paragraph 53 characterizes Plaintiffs' petition, which speaks for itself and is the best evidence of its contents.

54. The allegations contained in the first three sentences of Paragraph 54 constitute conclusions of law, to which no response is required. The allegations contained in the fourth sentence of Paragraph 54 characterize comments submitted to EPA, which speak for themselves and are the best evidence of their contents.

55. Paragraph 55 constitute conclusions of law, to which no response is required.

56. The allegations contained in the first sentence of Paragraph 56 constitute conclusions of law, to which no response is required. Defendant lacks sufficient information to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 56 and thus denies the allegations.

**GENERAL DENIAL**

To the extent any allegation of the Plaintiffs' Complaint remains unanswered, the Defendant denies such allegation.

**REQUEST FOR RELIEF**

Defendant requests that this Court deny each and every of Plaintiffs' requests for relief in its entirety and dismiss the Complaint with prejudice and with costs; enter judgment in favor of the Defendant; and award to the Defendant such other further relief as the Court deems just and proper.

DATE: December 21, 2007

                          Respectfully submitted,

                          RONALD J. TENPAS
                          Assistant Attorney General
                          Environment and Natural Resources Division

                          /s/
_____
                          LESLIE M. HILL (D.C. Bar No. 476008)
                          U.S. Department of Justice
                          Environment & Natural Resources Division
                          Environmental Defense Section
                          601 D. Street N.W., Suite 8000
                          Washington D.C.  20004
                          Leslie.Hill@usdoj.gov
                          Telephone (202) 514-0375
                          Facsimile (202) 514-8865