LATHAM & WATKINS LLP
  Karl S. Lytz (Bar No. 110895)
  Robb W. Kapla (Bar No. 238896)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: Karl.Lytz@lw.com, Robb.Kapla@lw.com

LATHAM & WATKINS LLP
  William K. Rawson (*pro hac vice* application pending)
  Elizabeth G. Wright (*pro hac vice* application pending)*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: William.Rawson@lw.com,
Elizabeth.Wright@lw.com

Attorneys for Proposed Defendant-Intervenor
Alkylphenols & Ethoxylates Research Council

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, a non-profit organization, ENVIRONMENTAL LAW AND POLICY CENTER, a non-profit organization, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, a non-profit organization, PHYSICIANS FOR SOCIAL RESPONSIBILITY, a non-profit organization, and UNITED HERE, a non-profit organization,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>STEPHEN L. JOHNSON, in his official capacity as Administrator of the United States Environmental Protection Agency,<br>　　　　　　Defendant,<br><br>and,<br><br>ALKYLPHENOLS & ETHOXYLATES RESEARCH COUNCIL,<br>　　　　　　Defendant Intervenor. | CASE NO. C-07-5435-MMC<br><br>Hon. Maxine M. Chesney<br><br><br>[PROPOSED] ANSWER |

*Licensed to practice law in Virginia; DC application pending; all work is supervised by a member of the DC Bar

Defendant-Intervenor Alkylphenols & Ethoxylates Research Council answers the numbered paragraphs of the Complaint as follows:

1.  This paragraph consists of Plaintiffs' conclusions of law and characterization of the Complaint to which no answer is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

2.  The first sentence of this paragraph consists of conclusions of law and characterizations of Plaintiffs' Complaint to which no response is required. To the extent the first sentence contains any factual allegations, those allegations are denied. Defendant-Intervenor admits each and every other allegation in this paragraph. Defendant-Intervenor asserts that the Environmental Protection Agency ("EPA")'s response speaks for itself and is the best evidence of its contents.

3.  This paragraph consists of conclusions of law to which no response is required. Defendant-Intervenor asserts that the Toxic Substances Control Act ("TSCA") provision cited in this paragraph speaks for itself and is the best evidence of its contents.

4.  This paragraph consists of conclusions of law to which no response is required. Defendant-Intervenor asserts that the TSCA provision cited in this paragraph speaks for itself and is the best evidence of its contents.

5.  This paragraph consists of conclusions of law to which no response is required. Defendant-Intervenor asserts that the TSCA provision cited in this paragraph speaks for itself and is the best evidence of its contents.

6.  The first sentence of this paragraph consists of conclusions of law to which no response is required. Defendant-Intervenor asserts that the TSCA provision cited in this paragraph speaks for itself and is the best evidence of its contents. The second sentence consists of conclusions of law and characterizations of Plaintiffs' Complaint to which no response is required.

7.  Defendant-Intervenor is without sufficient knowledge or information to form a belief as to the truth of the first sentence of this paragraph. The second sentence consists of conclusions of law to which no response is required. Defendant-Intervenor asserts that the cited

1  statutory provision speaks for itself and is the best evidence of its contents.

2      8.    Defendant-Intervenor is without sufficient knowledge or information to form a
3  belief as to the truth of this paragraph.

4      9.    Defendant-Intervenor is without sufficient knowledge or information to form a
5  belief as to the truth of this paragraph.

6      10.    Defendant-Intervenor is without sufficient knowledge or information to form a
7  belief as to the truth of this paragraph. To the extent this paragraph contains any factual
8  allegations about any health effects of NP and/or NPEs and/or about consequences of study or
9  use thereof, it is denied.

10     11.    Defendant-Intervenor is without sufficient knowledge or information to form a
11 belief as to the truth of this paragraph.

12     12.    Defendant-Intervenor is without sufficient knowledge or information to form a
13 belief as to the truth of this paragraph.

14     13.    Defendant-Intervenor is without sufficient knowledge or information to form a
15 belief as to the truth of this paragraph. To the extent this paragraph contains any factual
16 allegations about any effects of NP and/or NPEs and/or about their use, it is denied.

17     14.    Defendant-Intervenor admits the allegations in this paragraph.

18     15.    Defendant-Intervenor admits that Stephen L. Johnson is the Administrator of
19 EPA. The remainder of the allegations in this paragraph consist of conclusions of law or
20 characterizations of Plaintiffs' Complaint to which no response is required. Defendant-
21 Intervenor further asserts that the cited statutory provisions speak for themselves and are the best
22 evidence of their contents.

23     16.    Defendant-Intervenor admits the allegations in this paragraph.

24     17.    Defendant-Intervenor is without sufficient knowledge or information to form a
25 belief as to the truth of this paragraph.

26     18.    Defendant-Intervenor admits that the U.S. Centers for Disease Control and
27 Prevention ("CDC") published the study cited in this paragraph. Defendant-Intervenor asserts
28 that this study speaks for itself and is the best evidence of its contents.

19.   Defendant-Intervenor admits that Plaintiffs submitted a petition to EPA on or about June 5, 2007. The second and third sentences consist of characterizations of Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is the best evidence of its contents. Defendant-Intervenor admits that EPA responded to the petition on or about August 27, 2007.

20.   This paragraph consists of characterizations of Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is the best evidence of its contents.

21.   This paragraph realleges the allegations in all preceding paragraphs. Accordingly, Defendant-Intervenor realleges all responses made in the preceding paragraphs.

22.   This paragraph consists of conclusions of law to which no response is required. Defendant-Intervenor asserts that the TSCA provision cited speaks for itself and is the best evidence of its contents.

23.   This paragraph consists of characterizations of Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is the best evidence of its contents.

24.   This paragraph consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents.

25.   This paragraph consists of characterizations of Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is the best evidence of its contents.

26.   This paragraph consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents.

27.   The first sentence of this paragraph consist of characterizations of Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is the best evidence of its contents. The allegations in the second sentence

consist of characterizations of EPA's rule establishing Water Quality Criteria for nonylphenols and nonylphenol ethoxylates ("NP" and "NPEs") to which no response is required. Defendant-Intervenor asserts that EPA's rule speaks for itself and is the best evidence of its contents.

28. This paragraph consists of characterizations of Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is the best evidence of its contents.

29. This paragraph consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents.

30. The first sentence of this paragraph consists of characterizations of existing published studies to which no response is required. Defendant-Intervenor asserts that such studies speak for themselves and are the best evidence of their contents. The second sentence consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents.

31. This paragraph consists of characterizations of Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is the best evidence of its contents.

32. The first sentence of this paragraph consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents. Defendant-Intervenor denies all the allegations made in the second sentence.

33. This paragraph consists of characterizations of Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is the best evidence of its contents.

34. This paragraph consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents.

35. This paragraph consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents.

36. This paragraph consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents.

37. The first sentence of this paragraph consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents. The second sentence consists of characterizations of Plaintiffs' Complaint to which no response is required. Defendant-Intervenor asserts that Plaintiffs' Complaint speaks for itself and is the best evidence of its contents.

38. The first three sentences of this paragraph consist of characterizations of a CDC study to which no response is required. Defendant-Intervenor asserts that the cited CDC study speaks for itself and is the best evidence of its contents. The remaining sentences of this paragraph consist of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents.

39. This paragraph consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents.

40. This paragraph consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents.

41. This paragraph consists of conclusions of law and characterizations of Plaintiffs' Complaint to which no response is required.

42. The first and second sentences of this paragraph consist of characterizations of Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that Plaintiffs'

1  petition speaks for itself and is the best evidence of its contents. Defendant-Intervenor is without
2  sufficient knowledge and information to form a belief as to the truth of the third sentence.
3      43.  This paragraph consists of characterizations of EPA's response to Plaintiffs'
4  petition to which no response is required. Defendant-Intervenor asserts that EPA's response
5  speaks for itself and is the best evidence of its contents.
6      44.  The first and second sentences of this paragraph consist of characterizations of
7  EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor
8  asserts that EPA's response speaks for itself and is the best evidence of its contents. Defendant-
9  Intervenor is without sufficient knowledge and information to form a belief as to the truth of the
10 third sentence, because no citation is given for the research. Defendant-Intervenor denies all
11 allegations made in the fourth sentence.
12     45.  This paragraph consists of conclusions of law to which no response is required.
13 Defendant-Intervenor asserts that the TSCA provision cited in this paragraph speaks for itself
14 and is the best evidence of its contents.
15     46.  This paragraph realleges the allegations in all preceding paragraphs. Accordingly,
16 Defendant-Intervenor realleges all responses made in the preceding paragraphs.
17     47.  This paragraph consists of characterizations of Plaintiffs' petition to which no
18 response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is
19 the best evidence of its contents.
20     48.  This paragraph consists of characterizations of Plaintiffs' petition to which no
21 response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is
22 the best evidence of its contents.
23     49.  This paragraph consists of characterizations of Plaintiffs' petition to which no
24 response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is
25 the best evidence of its contents.
26     50.  This paragraph consists of characterizations of EPA's response to Plaintiffs'
27 petition to which no response is required. Defendant-Intervenor asserts that EPA's response
28 speaks for itself and is the best evidence of its contents.

51.     The first and second sentences of this paragraph consist of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents. The third sentence consists of conclusions of law to which no response is required.

52.     This paragraph consists of characterizations of EPA's response to Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that EPA's response speaks for itself and is the best evidence of its contents.

53.     This paragraph consists of characterizations of Plaintiffs' petition to which no response is required. Defendant-Intervenor asserts that Plaintiffs' petition speaks for itself and is the best evidence of its contents.

54.     The first three sentences of this paragraph consist of conclusions of law to which no response is required. The fourth sentence consists of characterizations of comments officially submitted to EPA to which no response is required. Defendant-Intervenor asserts that the comments speak for themselves and are the best evidence of their contents.

55.     This paragraph consists of conclusions of law to which no response is required. Defendant-Intervenor asserts that the cited statutory provision speaks for itself and is the best evidence of its contents.

56.     The first sentence of this paragraph consists of conclusions of law to which no response is required. Defendant-Intervenor is without sufficient knowledge or information to form a belief as to the truth of the second and third sentences.

## GENERAL DENIAL

Defendant-Intervenor denies each and every allegation of the Complaint that has not been admitted or specifically responded to. To the extent any allegation of fact in the Complaint remains unanswered, Defendant-Intervenor denies such allegation. Defendant-Intervenor denies each and every Prayer for Relief.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Information available to EPA is sufficient to permit a reasoned evaluation of the health and environmental effects of NP and NPEs. <u>See</u> 15 U.S.C. § 2620(b)(4)(B)(i)(I). There is no reasonable basis to conclude that the issuance of the rules demanded in the Complaint is necessary to protect against an unreasonable risk of injury to health or the environment. <u>See</u> 15 U.S.C. §§ 2620(b)(4)(B)(i)(II), 2620(b)(4)(B)(ii).

WHEREFORE, Defendant-Intervenor Alkylphenols & Ethoxylates Research Council denies that Plaintiffs are entitled to any relief from the Court and requests that the Court dismiss the Complaint against the Defendant with prejudice, that judgment be entered for the Defendant, and that the Court grant such other and further relief as may be appropriate.

Respectfully submitted this 17th day of January, 2008.

Dated: January 17, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
Karl S. Lytz (Bar No. 110895)
Robb W. Kapla (Bar No. 238896)
William K. Rawson (*pro hac vice* application pending)
Elizabeth G. Wright (*pro hac vice* application pending)*

By: _____
Karl S. Lytz
Attorneys for Proposed Defendant-Intervenor Alkylphenols & Ethoxylates Research Council