LATHAM & WATKINS LLP
  Karl S. Lytz (Bar No. 110895)
  Robb W. Kapla (Bar No. 238896)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: Karl.Lytz@lw.com, Robb.Kapla@lw.com

LATHAM & WATKINS LLP
  William K. Rawson (*pro hac vice* application pending)
  Elizabeth G. Wright (*pro hac vice* application pending)*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: William.Rawson@lw.com,
Elizabeth.Wright@lw.com

Attorneys for Proposed Defendant-Intervenor
Alkylphenols & Ethoxylates Research Council

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **SIERRA CLUB**, a non-profit organization, **ENVIRONMENTAL LAW AND POLICY CENTER**, a non-profit organization, **PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS**, a non-profit organization, **PHYSICIANS FOR SOCIAL RESPONSIBILITY**, a non-profit organization, and **UNITED HERE**, a non-profit organization,<br>    Plaintiffs,<br>v.<br><br>**STEPHEN L. JOHNSON**, in his official capacity as Administrator of the United States Environmental Protection Agency,<br>    Defendant,<br><br>and,<br><br>**ALKYLPHENOLS & ETHOXYLATES RESEARCH COUNCIL**,<br>    Proposed Defendant Intervenor. | CASE NO. C-07-5435-MMC<br><br>Hon. Maxine M. Chesney<br><br><br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION TO INTERVENE; MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE**<br><br>DATE: February 22, 2008<br>TIME: 9:00 am<br>PLACE: Courtroom 7, 19th Floor<br>JUDGE: Hon. Maxine Chesney |

---

*Licensed to practice law in Virginia; DC application pending; all work is supervised by a member of the DC Bar

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

NOTICE OF MOTION AND MOTION TO
INTERVENE; MEMORANDUM IN SUPPORT
CASE NO. C-07-5435-MMC

**NOTICE OF MOTION AND UNOPPOSED MOTION TO INTERVENE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Notice if hereby given that on February 22, 2008, at 9:00 am, or as soon thereafter as the case may be heard, the Alkylphenols & Ethoxylates Research Council ("the Council") will and hereby does move to intervene as a defendant in the above-entitled action. Although we notice this motion for hearing pursuant to Civil L.R. 7-2(a), we respectfully request guidance concerning whether a hearing will be required, noting that the motion is unopposed and the parties are based in Washington, D.C.

With this motion, the Council seeks an Order from the Court permitting it to intervene as a defendant in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure. This Motion is based upon this Notice of Motion and Unopposed Motion to Intervene, the Memorandum of Points and Authorities in Support of Unopposed Motion to Intervene, the Proposed Answer, the Proposed Order, all pleadings and papers filed in this action, and upon such matters as the Court may entertain at the time of hearing on this Motion.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

1    NOTICE OF MOTION AND MOTION TO
INTERVENE; MEMORANDUM IN SUPPORT
CASE NO. C-07-5435-MMC

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE

## INTRODUCTION

The Alkylphenols & Ethoxylates Research Council ("the Council") moves to intervene as a defendant in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure. This motion is based on the Council's satisfaction of the requirements for intervention as of right pursuant to Fed. R. Civ. P. 24(a). Alternatively, the Council moves to intervene as a permissive intervenor pursuant to Fed. R. Civ. P. 24(b)(1)(B). Counsel for Plaintiffs and Defendant have represented that they do not oppose the Council's motion.

## LEGAL STANDARD

Fed. R. Civ. P. 24(a) provides, in pertinent part, that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

This Circuit applies a four-part test to determine if intervention of right is appropriate under this rule: "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 817 (9th Cir. 2001) (citing Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996)).

As a general matter, courts "construe Rule 24(a) liberally in favor of potential intervenors." Id. at 818 (citing Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995)). Broad construction is mandated, and the Court's review "is 'guided primarily by practical considerations,' not technical distinctions." Id.

Should the Court determine that intervention of right is not justified, Fed. R. Civ. P. 24(b)

provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). According to this Rule, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## ARGUMENT

Because the Council qualifies as an intervenor of right and its motion is not opposed, its motion should be granted pursuant to Fed. R. Civ. P. 24(a). In the alternative, the Council requests that it be allowed to intervene permissively pursuant to Fed. R. Civ. P. 24(b). As mentioned above, Plaintiffs and Defendant have represented that they do not oppose the Council's motion.

### I.  The Council's Motion To Intervene Is Timely

Plaintiffs filed their Complaint in this action on October 24, 2007, and Defendant filed its Answer on December 21, 2007. The Court has set a Case Management Conference for Friday, February 8, 2008, but the case is otherwise at its threshold. "In determining timeliness, this court has stated that it looks to three factors: (1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay." United States v. Oregon, 745 F.2d 550, 552 (9th Cir. 1984). Prejudice to the existing parties "has been termed 'the most important consideration in deciding whether a motion for intervention is untimely.'" Id. (quoting C. Wright & A. Miller).

Given the early stage of these proceedings, the fact that no party opposes the Council's motion, and the Council's interest in the case, the Council satisfies the first requirement for intervention of right. See, e.g., Northwest Forest Res. Council, 82 F.3d at 837 (noting that a motion to intervene "[did] not appear to have prejudiced either party in the lawsuit, since the motion was filed before the district court had made any substantive rulings").

### II.  The Council Has a Significantly Protectable Interest in this Matter

Plaintiffs seek to compel the Environmental Protection Agency ("EPA") to initiate specific rulemaking pertaining to nonylphenol ("NP") and nonylphenol ethoxylates ("NPEs")

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

3    NOTICE OF MOTION AND MOTION TO
INTERVENE; MEMORANDUM IN SUPPORT
CASE NO. C-07-5435-MMC

pursuant to Sections 4 and 6 of the Toxic Substances Control Act, 15 U.S.C. §§ 2601-2692 ("TSCA") (2007). The Council is a not-for-profit association, the membership of which includes the major U.S. manufacturers of NP and NPEs, and as such it has a significantly protectable interest in this matter. EPA denied Plaintiffs' citizen petition to initiate these rulemakings before this suit was filed, and the Council submitted comments in that administrative proceeding. See 72 Fed. Reg. 50954, 50959 (Sept. 5, 2007); "Comments of the Alkylphenols & Ethoxylates Research Council on the July 10, 2007 Federal Register Notice Regarding the TSCA Section 21 Petition on Nonylphenol and Nonylphenol Ethoxylates" (July 25, 2007).

In establishing that it meets this prong of the test under Rule 24(a), "'[n]o specific legal or equitable interest need be established.'" Southwest Ctr. for Biological Diversity, 268 F.3d at 818. Importantly, intervenors have participated as defendants in all but one of the reported decisions under TSCA Section 21. Compare Thomas, 657 F. Supp. at 305 (intervention granted), affirmed by EDF, 909 F.2d at 1499, and Citizens for a Better Env't v. Thomas, 704 F. Supp. 149, 150 (N.D. Ill. 1989) (same), with Walker, 802 F. Supp. 1568 (no indication intervention was sought by any party).[1] In Citizens for a Better Env't, the plaintiffs sought to compel EPA to initiate rulemaking under Sections 4 and 6 to require businesses in southeast Chicago that produced coke oven emissions, among other things, to test such emissions. 704 F. Supp. at 150. The intervening defendants were two steel companies that used coke ovens in the identified area, and which therefore would have been subject to the required testing. Id. The court granted their motion to intervene of right under Fed. R. Civ. P. 24(a)(2). Id.

Were this Court to enter a judgment requiring EPA to initiate the requested rulemaking, the Council and its members could be compelled to comply with potentially costly, burdensome, and unnecessary requirements, and hence has an interest in this action as specified in Rule 24. This Circuit has agreed with the D.C. Circuit "that 'the "interest" test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is

---

[1] Petitioner in Walker was an individual who sought rulemaking aimed at amending the definition of PCBs (40 C.F.R. § 761.3) in a manner that he asserted would allow him to market a new "Walker Solvent." See Walker, 802 F. Supp. at 1571-73, 1580.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

4                        NOTICE OF MOTION AND MOTION TO
                         INTERVENE; MEMORANDUM IN SUPPORT
                         CASE NO. C-07-5435-MMC

compatible with efficiency and due process.'" County of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir. 1980). Such a requirement is met here.

### III. The Council is So Situated that Its Interest May Be Impaired

This Circuit "follow[s] the guidance of Rule 24 advisory committee notes that state that 'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" Southwest Ctr. for Biological Diversity, 268 F.3d at 822 (quoting Fed. R. Civ. P. 24 advisory committee's notes; citing Forest Conservation Council, 66 F.3d at 1498).

When challenging an EPA decision denying a petition to initiate a rulemaking under TSCA Section 4 or 6, the petitioner "shall be provided an opportunity to have such petition considered by the court in a *de novo* proceeding." See 15 U.S.C. § 2620(b)(4)(B); Environmental Defense Fund v. Reilly, 909 F.2d 1497, 1497-98 (D.C. Cir. 1990). Given the extensive rulemaking that Plaintiffs' petition seeks, the Council is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interests. Unless the Council is named as an intervenor, it will be limited in its ability to oppose the relief requested, and to appeal any adverse decision. Accordingly, the Council satisfies this third requirement, as well.

### IV. The Council's Interest is Not Adequately Represented by the Existing Parties

"In determining whether a would-be intervenor's interests will be adequately represented by an existing party, courts consider: '(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.'" Southwest Ctr. for Biological Diversity, 268 F.3d at 822 (citation omitted). Although "[t]he prospective intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interest," that burden is "'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." Id. (citations omitted).

1       In this case, no other party will be representing the Council's and its member companies' private interests as concerns NP and NPEs. In addition, it has regularly been held that the government cannot represent private interests in addition to public interests it must pursue. See, e.g., National Farm Lines v. Interstate Commerce Comm'n, 564 F.2d 381, 383-84 (10th Cir. 1977) (collecting cases, including General Motors Corp. v. Burns, 50 F.R.D. 401 (D. Haw. 1970)); see also Trbovich v. UMW, 404 U.S. 528, 538-39 (1972) (endorsing similar argument); Sierra Club v. United States EPA, 995 F.2d 1478, 1481 (9th Cir. 1993) (same). The Council satisfies this fourth part of the test.

## V. In the Alternative, the Council Requests Permissive Intervention

    Should the Court conclude that the requirements of Fed. R. Civ. P. 24(a) are not satisfied, the Council respectfully requests that it be allowed to intervene permissively pursuant to Fed. R. Civ. P. 24(b). As mentioned above, the Council's motion is timely given the early stage of these proceedings. In addition, the Council's position that Plaintiffs cannot justify the requested rulemaking under TSCA and that the requested rulemaking should be denied shares with the main action common questions of law and fact. See, e.g., Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108-11 (9th Cir. 2002) (outlining standard). As further factors to inform the Court's exercise of discretion, the Council proffers that its motion is unopposed and will not delay or prejudice any existing parties' rights, the Council has a substantial interest in the outcome of this action, and the involvement of the Council and its efforts will contribute "to the just and equitable adjudication of the legal questions presented." Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).

///
///
///
///
///
///
///

# CONCLUSION

For the reasons set forth above, the Council requests that this Court grant its motion to intervene as of right or, in the alternative, for permissive intervention pursuant to Fed. R. Civ. P. 24.

Dated: January 17, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
Karl S. Lytz (Bar No. 110895)
Robb W. Kapla (Bar No. 238896)
William K. Rawson (*pro hac vice* application pending)
Elizabeth G. Wright (*pro hac vice* application pending)*

By: _____
Karl S. Lytz
Attorneys for Proposed Defendant-Intervenor Alkylphenols & Ethoxylates Research Council

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111-6538.

On **January 17, 2008**, I served the following document described as:

**NOTICE OF MOTION AND UNOPPOSED MOTION TO INTERVENE; MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE;**

**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION TO INTERVENE;**

**[PROPOSED] ANSWER; and**

**[PROPOSED] DEFENDANT-INTERVENOR'S LOCAL RULE 3-16 CERTIFICATION OF INTERESTED ENTITIES OR PERSONS AND FED. R. CIV. P. 7.1 DISCLOSURES**

by serving a true copy of the above-described document in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

> Scott N. Schools
> United States Attorney
> Northern District of California
> Charles M. O'Connor
> Assistant United States Attorney
> 9th Floor, Federal Building
> 450 Golden Gate Avenue, Box 36055
> San Francisco, CA 94102

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **January 17, 2008**, at San Francisco, California.

_____
Susan E. Pavesi